PHEBE POPE, PLAINTIFF IN ERROR, v. RICHARD HOOPER AND WIFE, DEFENDANTS IN ERROR.

1. **Contract: Mortgage:** SPECIAL STIPULATION. When a debt is divided into several payments, to be made at different periods of time, and the parties contract that upon a failure to make any one of the payments when it becomes due, the whole amount of the debt shall become due and payable, the court is bound to give effect to their contract. Such condition of payment is not in the nature of a forfeiture.

2. **Judgment:** VACATING. In an original action in equity to vacate a judgment or decree, if the ground of complaint is not the result of fraud on the part of the plaintiff, or some circumstance beyond the control of the defendant, but is occasioned by the fault, negligence, or want of ordinary diligence on the part of the defendant, he will not be permitted to deny the correctness of the judgment or decree, or to renew the controversy.

3. **Married Woman's Act.** The common law disability of a married woman having been removed by section three of the act of June 1, 1871, she no longer comes within the protection of subdivision five of section six hundred and two of the civil code.

ERROR to the district court for Dodge county. Tried below before POST, J., who rendered judgment in favor of the defendants in error setting aside and vacating a former decree against them in said court at the October term, 1875.

The decree thus vacated was rendered in an action begun September 14, 1875, summons in which was made returnable "by the eighteenth day of October, A.D. 1875," default taken, and decree entered October 20, 1875.

*Marlow & Munger*, for plaintiff in error, cited *Bank of U. S. v. Moss*, 6 How., 31. *Green v. Hamilton*, 16 Md., 317. *Stanclift v. Norton*, 11 Kan., 222. *Crane v. Ward*, Clarke's Ch., 393. *Covington Bridge v. Sargent*, 27 Ohio State, 233. *Hackworth v. Zollars*, 30 Iowa, 433. *Pierce v. Kneeland*, 9 Wis., 30. *Ætna Insurance Co. v. McCormick*, 20 Wis., 265.

*Marshall & Sterrett*, for defendants in error.

The summons in the foreclosure case required the answer to be filed by the eighteenth of October, 1875, the statute providing that the defendant shall answer "on or before the third Monday." We claim that the word "by" excludes the third Monday, and the preceding day being Sunday two days are in effect excluded. "By a certain day, excludes that day." 1 Burrell's Law Dic., 236. *Rankin v. Woodsworth*, 3 Penn., 48. *Crowell v. Galloway*, 3 Neb., 318.

The summons being void, the court acquired no jurisdiction over the person of the defendants. The fact that Gray & Briggs were looking at the papers in the case constituted no appearance, and none other is attempted to be shown. The fact that a default was entered shows no appearance of the defendants. The filing of the stay of execution is no waiver, because the only things that such filing waived are limited by statute to proceedings

in error or appeal. *Expressio unius est exclusio alterius.* If we are correct in these views, then it follows that the decree was irregular in that the court did not have jurisdiction over the persons of the defendants, by reason of the defective summons.

The decree was for $100 and 150 acres of land more than was claimed in the petition, and therefore irregular, and should be vacated: 1 Tidd's Practice, 612. *Hall v. Towne,* 45 Ill., 495. *Meisse v. McCoy,* 17 Ohio State, 230. Freeman on Judgments, 69. *Mills v. Miller,* 2 Neb., 318. The cases cited by plaintiff in error as to the stipulation in the mortgage that a failure to make one payment the entire amount would become due, are, as we understand these cases, not in point. For in these cases there was no forfeiture of a large amount or any amount of unaccrued interest, as in the case at bar. 9 Mich., 350.

GANTT, J.

This action was commenced by petition in equity in the district court by defendant in error to vacate a decree of foreclosure and order of sale rendered at the October Term, 1875, of said court. The grounds alleged for vacating the decree are in substance as follows: That the decree included the entire amount of the debt secured by the notes and mortgage, though only a part of the same was then due; that the decree was taken for more than the whole amount of such debt, and for too much interest; that defendant, Elizabeth Hooper, was a married woman, and the summons was irregularly issued. The plaintiff denies the allegations of the petition, except that defendant Elizabeth Hooper was a married woman, and denies that the decree included more land than is described in the mortgage; and then sets up as new matter that the defendants employed counsel

to appear for them in the foreclosure case, who had the cause passed for several days by the court, and examined the matter before the decree was taken; that defendants entered a stay of the order of sale, and that in December, 1875, the full amount of the decree was satisfied and discharged of record.

It appeared that the summons was technically defective in form, which defect might perhaps have been taken advantage of upon motion by the defendants, but it was no such defect as bars the jurisdiction of the court over the subject matter and the defendants.

It appears by the evidence that counsel was employed by defendants in the foreclosure case, at whose request the cause was passed several days by the court, and that after the decree was taken the proper stay was entered; and the evidence further shows that the plaintiff advanced and paid other large sums of money for the defendants, and that the parties, on or about the first day of December, 1875, had a settlement of all their matters, including the amount of the decree of foreclosure at $4,473.14, and found the sum total due plaintiff by defendant, Richard, to be $5,400, for which amount the defendant gave plaintiff a new note, and to secure the same executed and delivered to her a mortgage, including the lands in the former mortgage and other lands; that this "new note was given to pay off the judgment and decree," and secure the amount thereof and other sums advanced and paid by plaintiff for defendants, and that "the decree was satisfied and receipted in accordance with the terms of the settlement," and discharged of record.

The mortgage on which the foreclosure was had contained a stipulation "that if any of said notes become due and remain unpaid for ninety days thereafter the whole of said notes aforesaid shall become due," and also for the payment of an attorney's fee of one hundred dollars in case of a foreclosure of said mortgage. Now

in respect to this stipulation, it is only necessary to observe that the parties, being competent to contract, could legally contract as to the time and mode of payment of the notes, and having done so, and fixed the conditions upon which the payment of the notes must be made, the court is bound to give effect to their contract according to the terms therein expressed. Such condition of payment is not in the nature of a forfeiture. The debt only as shown by the face of the notes was required to be paid, and therefore there can be no forfeiture to be relieved from. *Hall v. Gouveneur*, 4 Ed. Ch., 208. *Noyes v. Clark*, 7 Paige, 179. *Vallentine v. Wagoner.* 37 Barb., 60. *Sanclift v. Norton*, 11 Kan., 222.

In *Lieman v. Hinman*, 16 Ill., 404, referred to by counsel for defendants, the court merely decided that upon the contract involved in the case the recovery of interest from the commencement of the action was not authorized by the statute; and in *Crane v. Dwyer*, 9 Mich., 352, " the case made by the bill is a forfeiture of one of the defendants of all her rights in a contract made with complainant for the purchase of a lot of ground," and it was held that equity will not lend its aid to enforce such a forfeiture. These cases do not, either in principle or fact, apply to the case at bar.

Again, it is alleged as cause for *vacating* the decree that it included too much interest. Five notes were given by defendants to plaintiff, to secure which the mortgage was executed; and it appears that interest up to the time each note respectively became due was included as part of the principal, and that the decree was taken for the amount as appeared on the face of the several notes, without deducting therefrom the interest from that time until the time they would severally become due. And this constitutes the main subject of complaint, and presents for consideration the question whether, after permitting the decree to be so taken by

their own negligence and disregard of the process of the court, and after several terms of the court had passed, the defendants are entitled to have the decree vacated for this cause by original petition. The gravamen of the action is to *vacate* a decree by original petition long after the term has passed at which it was rendered by the same court. In *Sibbold v. United States*, 12 Peters, 492, it is said that "no principle is better settled, or of more universal application, than that no court can reverse or annul its own final decrees or judgments for errors of facts or law after the term in which they have been rendered, unless for clerical mistakes, from which it follows that no change or modification can be made which may substantially vary or affect them in any material thing. Bills of review in cases of equity, and writs of error *coram vobis* at law are exceptions." And in *Brooks Admr. v. Love*, 3 Marsh., 7, it is said: "It is well settled as a general rule, that the chancellor (except in cases specially provided for by statute) cannot open, alter, or reverse a final decree after the expiration of the term at which it was rendered, unless upon bill of review, or bill or petition impeaching the decree for fraud." *Bramlett's heirs v. Pickett's heirs*, 2 A. K. Marsh, 11. *Davone v. Fanning*, 4 John Ch., 203. *Murray v. Murray*, 5 John Ch., 69. *Bank of Va. v. Craig*, 6 Leigh, 439. It seems that in such case, the remedy is by " bill or petition for review, writ of error, or appeal, as either may be appropriate or allowable by law, or by some other mode specially provided by statute." But, further, it appears quite clear from the evidence that the defendants had ample opportunity to make defense to the whole or part of the demand against them in the foreclosure case; and although they had counsel employed in the foreclosure case, yet they disregarded the process of the court, and manifested great negligence and indifference in respect to the matter; and in such case, has a court

of equity under the well settled rules of law, power to grant him the relief he asks?

In *Horn v. Queen*, 4 Neb., 113, 114, it is said that "equity will grant relief in a proper case where fraud has been practiced by the successful party in obtaining the judgment, or where from accident or unavoidable circumstances, without fault on the part of the party applying therefor, a full and fair trial has not been had." And on this ground a new trial was granted in this case; but, after citing the case of *Lieby v. Heirs of Ludlow*, 4 Ohio St., 493, with approval, in which it is held that "before a court of chancery will order a cause to be re-heard at law they will require the complainant to show that he used due diligence in preparing and conducting his defense at law, and that he was prevented from then making it by circumstances beyond his control," it was by the unanimous opinion of this court said that: "We think this is clearly the law *that a party must have done all he could under the circumstances, that he has not been negligent, and that he must show he has a defense to the action.*" This is a precise statement of the rule, and is substantially reiterated in the same case, brought a second time to this court, and reported in 5 Neb., 472. And in *Green v. Hamilton*, 16 Md., 329, 331, it is held that if the defendant "absents himself he has no better standing in court afterwards than a defendant who defends his cause," for "to allow a defendant who was absent without any fault on the part of his adversary to come in after the term and have redress would be reversing the maxim, *vigilantibus et non dormientibus jura subveniunt.*"

But the principle is not questioned that power to set aside judgments and decrees, upon sufficient showing by motion made during the term at which they are rendered, is a common law power incident to courts of record; and that upon motion after the term has passed

this power may be exercised to correct clerical mistakes or irregularities so as to reform a judgment, but not to vacate it, or to make any change or modification that may substantially vary or affect it in any material thing, unless by some circumstance beyond the control of the defendant, and without any negligence on his part, he was prevented from having a fair trial. Hence, if the cause of complaint is not the result of fraud on the part of the plaintiff, or of some circumstance beyond the control of the defendant, but is occasioned by the fault, negligence, or want of ordinary diligence on the part of the defendant, he will not be permitted to deny the correctness of the determination, or to renew the controversy. This seems to be the well settled rule founded on both principle and authority, and to be of universal application, and if it were not so, it is quite manifest that litigation would be fruitless and endless. *Hackworth v. Zollars*, 30 Iowa, 486. *Foster v. Wood*, 9 John. Ch., 89. *Pierce v. Kneeland*, 9 Wis., 31. *Catlin v. Robinson*, 2 Watts, 380. *Bank of U. S. v. Mass.*, 6 How., 38. 39 Cal., 303. 44 Mo., 570.

In *Huntington v. Finch & Co.*, 3 Ohio State, 447–8, it is held that the court "has control over its own orders and judgments during the term at which they are rendered, and the power to vacate or modify them in its discretion. But this discretion ends with the term, and no such discretion exists at a subsequent term of the court. And the power of the court to set aside or vacate its judgments subsequent to the judgment term is governed by settled principles, to which the action of the court must conform. It is well settled in this court that a judgment may be vacated or set aside, on motion at a term subsequent to the judgment term, for irregularity or improper conduct in procuring it to be entered; and this has become one of the accustomed and settled remedies for relief against judgments wrongfully ob-

tained, where the impropriety or irregularity has not been superinduced by the *fault or negligence* of the judgment debtor." In *Bank v. Doty*, 9 Ohio State, 509, the court say: "The record shows that the common pleas, in fact, had no jurisdiction of the persons of the defendants." In principle then, it seems the Ohio cases are in harmony with the general rule, and have not departed from it.

Again, it is to be observed that "in accordance with the terms of the settlement" made between the parties subsequent to the rendition of the decree, the new note and mortgage were executed and taken in satisfaction of the decree complained of, and that by the terms of this settlement and contract the decree was receipted and discharged. No ground is stated or prayer made in the petition to set aside this discharge of the decree, and until this is done, it is difficult to perceive how the court can vacate a decree which is discharged. It must therefore follow as a necessary sequence, that when a decree is fully satisfied and discharged it can have no more legal effect than if it never had been rendered, and hence, if there was any sufficient ground to restore the parties to the relations existing between them before the decree was rendered, should not the satisfaction and discharge of it be first removed?

Some clerical mistakes or irregularities occurred in the foreclosure case, but as this action is to *vacate* the decree, and as they could not, in any view of the case, be reformed in this kind of action, it is not necessary to express any opinion in regard to them. It is, however, urged in the argument for defendants, that as defendant, Elizabeth Hooper, is a married woman, being the wife of Richard, the other defendant, this action by original petition may be maintained under subdivisions three and five, of section six hundred and two of the civil code. Conceding that this statute may be strictly ap-

Pope v. Hooper.

plied to an action in equity, it must still be observed, that subdivision three seems to be merely declaratory of the common law power incident to courts of record— a power which may, in a proper case, be exercised for .the correction of clerical mistakes, etc.; and section six hundred and four requires that " proceedings to correct mistakes, etc., shall be by motion;" hence the case at bar does not come within this subdivision. And the power to vacate or modify judgments under the provisions of subdivision five is confined to " erroneous proceedings against an infant, married woman, or persons of unsound mind; " and this provision was intended for the protec- tion of persons subject to legal disability, but by section three of the act of June 1, 1871, it was enacted that " a married woman may, while married, sue and be sued, in the same manner as if she were unmarried." There- fore this. act of 1871 has wholly removed the common law disability of a married woman, and consequently she no longer comes within the protection of the pro- visions of this subdivision; nor does the case at bar come within any of the other provisions of section 602.

Finding no cause, either in law or fact, to justify the court in vacating the decree, and as this case is brought into this court upon error, and not by appeal, the decree rendered in the court below in the case at bar must be reversed, and for the reasons given in this opinion it is now ordered adjudged, and decreed that the defendant's cause of action be dismissed with costs.

LAKE, Ch. J., concurs.

MAXWELL, J., dissenting.

This is a proceeding under subdivisions three and five of section six hundred and two of the code, to set aside . the judgment and default, and permit the defendants to answer the petition.

That a great wrong has been committed against the defendants in this case there is no question. The original indebtedness was $3,200, for which five notes secured by mortgage were given, payable in one, two, three, four, and five years, with interest at twelve per cent per annum, the interest being added into each note. The notes were dated March 12, 1874. A decree of foreclosure was rendered in October, 1875, for the entire amount of the notes, *principal and interest*, amounting to about the sum of $4,500. While in my opinion the defendants are entitled to relief on other grounds, I will only discuss the question of estoppel.

The judgment of a court of general jurisdiction directly upon the point in issue is, as a plea in bar, or as evidence, conclusive between the same parties; but the judgment is conclusive only in the matter which was *directly in issue* in the former trial. Such a judgment is not evidence of any matter which came collaterally in question, although within the jurisdiction of the court. The matter in issue is that upon which the plaintiff predicates his action and which the defendant controverts by his *answer*. The decree in this case was for $100 more than the amount claimed in the petition, and embraced one hundred and fifty acres of land not included in the petition. These errors could scarcely have been the result of mistake, yet we are told that the decree is final and conclusive unless fraud is shown.

The rule is well settled that a plaintiff cannot have other or greater relief than the case made by his pleading will warrant, and the decree must conform to the prayer and cannot exceed it.

In *Huntington & McIntyre v. Finch & Co.*, 3 Ohio State, 448, it was held that a judgment may be vacated or set aside on motion, at a term subsequent to the judgment term, for *irregularity* or *improper conduct* in procuring it to be entered.

In the case of the *Bank v. Doty*, 9 Ohio State, 505, judgment was rendered against the defendants in September, 1865. At the same term L., one of the defendants, filed a motion to set aside the judgment. The hearing on the motion was continued until the second term thereafter, when the motion, by leave of court, was amended by making one T. a party thereto, and assigning five reasons for setting the judgment aside. The motion was sustained. The court say: " Such a motion prior to, as well as since the code, might be made at the term in which such judgment was rendered, or at a subsequent term." In that case L. & T., the moving parties, had paid the judgment before it was set aside. The court held that in order to make it a voluntary payment there must be a concurrence of both volition and knowledge. If paid voluntarily, but in *ignorance* of the facts affecting its validity, or if the payment was not voluntary, though the party paying was aware of the facts rendering it invalid, such payment did not preclude the judgment debtor from questioning its validity. In *Abernathy v. Latimore*, 19 Ohio, 288, the court held, that errors of fact are corrected by the court where committed. That court has the power, and upon proper showing should set aside or vacate a judgment effected thereby, on motion, and let the defendant in to defend.

In *Horn v. Queen*, 4 Neb., 113, it was held that equity will only grant a new trial in cases of newly discovered evidence, surprise, fraud, or the like, where the party is deprived of the means of defense by circumstances beyond his control. In that case the plaintiff was sued before a justice of the peace, and a copy of the summons left at his residence during his absence. On the day of the trial he returned home, but, as alleged in the petition, " too ill to give the matter any attention, which illness continued for more than ten days." On demurrer to the petition it was held that a new trial should be granted, as the justice court could give no relief.

The rule laid down in the opinion of the majority of the court in this case is doubtless correct so far as it applies to cases where a defendant has answered 'and a trial has taken place on the pleadings and proof. But a different rule prevails where a decree is irregularly taken by default.

In an action of foreclosure it is not necessary to endorse the amount claimed on the summons. *Watson v. McCartney*, 1 Neb., 131. But the defendant need not appear in the action if the petition truthfully sets forth the cause of action. He may rely upon the court to see that a decree is rendered conformably to the petition. The journal entries are usually prepared by attorneys, who, being officers of the court, are amenable to it for the proper discharge of their duty. If a mistake is made in any respect the court certainly has the right to correct it at a subsequent term. Suppose a decree is taken on the last day of the term against a party in default for an amount greater than the *facts stated in the petition will warrant*, and the court immediately thereafter adjourns, is the defendant bound by such a decree unless an appeal is taken? Or, may he not apply to the same court at a subsequent term to correct the error? I think he may.

A decree for too large a sum, or embracing matters not in controversy, cannot be considered the *deliberate* judgment of the court. And when there has been an irregularity in taking the judgment, or fraud, imposition, or mistake in obtaining the same, the judgment should be set aside. And the proper remedy in such cases is by motion, as the errors frequently do not appear in the record, and therefore cannot be reviewed on error.

Here the decree was rendered for a sum not warranted by the facts set forth in the petition, and without an appearance on the part of the defendants. It is true that an attorney afterwards took a stay of the order of sale, and

although this may be an appearance in the case, so far as the husband is concerned, it cannot be considered as waiving the right of the defendants to the full time to answer. The entry of satisfaction of the decree on the journal of the court by the attorney for the plaintiff certainly did not bind the defendants nor conclude them.

In this case it is sought to set aside the judgment and default, and allow the defendants to answer the petition of the plaintiff. The district court in furtherance of justice has found that they should be set aside and the defendants be permitted to answer, and I think that the court did not err therein. The wife at least has never appeared in the action, and the fifth subdivision of section six hundred and two of the code expressly provides that a married woman shall be entitled to the benefit of this section.

It is contended that as the statute has changed the common law rule in this state by permitting a married woman to sue and be sued, that therefore this section has no application. It is a sufficient answer to say that the law does not favor a repeal by implication, and that if the two sections are not inconsistent with each other they will be permited to stand; and that is the rule laid down by this court in *The People v. Weston*, 3 Neb., 323. *White v. The City of Lincoln*, 5 Neb., 614.

But the husband has made no such appearance as precludes him from seeking to set aside the judgment, and a settlement made by him *in ignorance of the real facts in the case* does not, and ought not to prevent him from availing himself of the defense that the decree was taken for too large an amount, and that it included land not embraced in the petition. As to the latter, in all probability the decree is a nullity, but a party in such a case has a right to have the cloud created thereby removed.

As to the objection made by this court to the *form* of proceeding, it is sufficient to say that although verified

like a petition and in that form, yet it brings the irregularity before the court, and as no objection has been made by the parties on that ground it is not the business of the court to do so. *Turner v. Althaus,* ante page 54. The great object of the law is to administer justice, and although it must be administered according to the rules of law it must not be sacrificed for mere forms. In this case it is evident that great injustice has been done and that the district court has applied the proper corrective. The judgment should be affirmed.

DECREE FOR PLAINTIFF IN ERROR.