E. F. SMYTHE, PLAINTIFF IN ERROR, V. BARBARA KASTLER, DEFENDANT IN ERROR.

Justice of Peace: JUDGMENT BY DEFAULT. Where a defendant in a justice court has had a default set aside, and an opportunity given him to make his defense, he can not voluntarily permit judgment by default to be taken against him the second time, and have the same set aside.

ERROR to the district court for Lancaster county. Tried below before GASLIN, J. sitting in absence of POUND, J.

*James E. Philpott*, for plaintiff in error.

*Foxworthy & Son*, for defendant in error.

MAXWELL, J.

This action was commenced by the defendant in error

against the plaintiff, before a justice of the peace, to recover the sum of $75 and interest, for money had and received, the cause being set for trial on the 9th day of June, 1882, at 9 o'clock A.M. Smythe did not appear, and the plaintiff below had Smythe's default entered and the cause continued to June 12th, 1882, at 10 o'clock A.M. The cause was again continued to June 14th, 1882, at 9 o'clock A.M. At the time stated Smythe appeared and moved to have the default set aside, which motion was sustained, and the cause was, on his motion, continued to July 10th, 1882, at 1 o'clock P.M. Smythe failed to appear at the time to which the cause was continued, or in one hour thereafter, and judgment for the sum of $80.25, being the principal and interest, was rendered against him by default. On the same day he appeared before the justice and moved to set the default aside, and be let in to defend. The motion was overruled.

The plaintiff then appealed to the district court. On motion of the defendant the appeal was dismissed, which the plaintiff now assigns for error. When judgment is taken by default before a justice of the peace, the defendant by paying or confessing judgment for the costs in the case may have the judgment set aside. Code, § 1001. *Strine v. Kingsbaker*, 12 Nebraska, 52. *Clendenning v., Crawford*, 7 Id., 474. *Andrews v. Mullin*, 14 Id., 248. But this provision being statutory can not be extended by implication. The law does not provide for the setting aside of successive defaults. If this could be done it would be in the power of the defendant by absenting himself from the trial, and afterwards causing successive defaults to be set aside, to prevent a final judgment from being obtained. Sec. 1001 requires the defendant, when a judgment rendered against him is set aside, to notify the opposite party, his agent or attorney, or cause it to be done, of the opening of said judgment, and of the time and place of trial, at least five days before the time if the party reside

in the county, and if he be not a resident of the county, by leaving a written notice thereof at the office of the justice at least ten days before the trial; that is, the judgment by default is set aside conditionally, that the defendant at the time set for trial shall make his defense.    The law does not favor delays, and only grants an extension of time to prevent injustice being done.    But the defendant must act in good faith, and be diligent, and he must make his defense in the trial court.    If, from circumstances beyond his control, he has been deprived of the means of making such defense, a court of equity in a proper case will grant him relief.    *Horn v. Queen,* 4 Neb., 108.    *Horn v. Queen,* 5 Id., 472; but he can not willfully fail to appear and defend in an action, and afterwards set up such willful neglect as an excuse.    There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.