M. B. LOWENSTEIN, APPELLANT, V. JAMES A. PHELAN
ET AL., APPELLEES.

**Mortgage:** STIPULATION AS TO TIME WHEN DEBT DUE. A provision in a mortgage that "if the annual interest on any of said notes, or of any one of said notes, remains unpaid for thirty days. after maturity, this entire debt, all of said described notes, principal and interest, shall become immediately due and payable, and this mortgage may then be foreclosed," is permissive merely, and the entire debt will not become due unless the mortgagee. elect so to declare by instituting an action to foreclose.

APPEAL from Nemaha county district court, POUND, J., presiding.

*E. W. Thomas,* for appellant, cited: *Fletcher v. Daugherty,* 13 Neb., 224. *Mallory v. Railroad,* 35 New York, 174. *McLelland v. Bishop,* Ohio, 1884.

*Babcock & Davidson,* for appellees, cited: *Pope v. Hooper,* 6 Neb., 181. *Schooley v. Romain,* 31 Md., 574. *Bank v. Beck,* 8 Kan., 660. *Wortendyke v. Meehan,* 9 Neb., 229.

MAXWELL, J.

This is an action to foreclose a mortgage upon real estate. The defense is usury. The plaintiff claims to be a *bona fide* purchaser of the notes and mortgage for value without notice, and before the maturity of the notes. On the trial of the cause the court made special findings: *First.* That the notes in question were given for an usurious consideration. *Second.* That the plaintiff purchased the notes in controversy in the regular course of business, in good faith, for a valuable consideration, and without knowledge or notice that they had been given for an usurious consideration, or that any prior note described in the mortgage had

been unpaid within thirty days after its maturity, except such notice as was given by the terms of the mortgage itself. The court also found that the terms of the mortgage charged the plaintiff with notice, and that he took the notes subject to the usurious consideration. The court also found that the payments heretofore made by the defendants upon the notes and mortgage in question fully paid the principal of the same, and that nothing was due the plaintiff. The action was therefore dismissed at the plaintiff's costs. The mortgage contains the following provision:

" It is hereby agreed that if this land, or any part thereof, is now or shall hereafter be sold for taxes, the said second party may redeem the same and add the cost of redemption, with agent's fees of ten per cent, to the debt hereby secured ; also that if said land is hereafter sold for tax, or if the annual interest on any of said notes, or if any one of said notes remains unpaid for thirty days after maturity, this entire debt, all of said described notes, principal and interest, shall become immediately due and payable, and this mortgage may then be foreclosed." A stipulation of this kind, being the deliberate contract of the parties, will be enforced by a court of equity. *Pope v. Hooper*, 6 Neb., 178. *Fletcher v. Daugherty*, 13 Id., 224. *S. & M. R. R. Co. v. Lancaster*, 62 Ala., 555. *Railway Co. v. Sprague*, 103 U. S., 756. The provision, however, is for the benefit of the mortgagee, to enable him to procure the money loaned at the time it was agreed to be paid. If the mortgagee so desire, he may institute an action upon default to foreclose, and upon obtaining a decree have the premises sold. He need not do so, however. The stipulation being made for his benefit, he may waive it without putting himself in default. The credit as shown by the notes was to extend over a series of years. Interest was computed upon the basis of such extended credit, and notes given for the same. This was the real contract of the par-

ties—a loan of money to be repaid with interest in installments extending over a period of five years.   Without this extended credit, the mortgagor, in many cases, would not incur the obligation, knowing his inability to meet the same from his ordinary resources.   The payments therefore are adapted to his ability to pay.   Good faith would seem to require in ordinary cases an adherence to these terms, unless there is willful neglect on the part of the mortgagor, from which the mortgagee may sustain loss. In our view, the provision is permissive merely—that in case of default the mortgagee *may* bring an action.   Why should a court add to its terms by making it mandatory? The provision, while not strictly a penalty, is highly penal in its nature, and will not be extended by inference beyond the plain meaning of the words employed, and the intent of the parties is to be deduced from an examination of the entire instrument.   We hold, therefore, that the provision is permissive and not compulsory, and that all the notes did not become due and payable upon a mere default in the payment of one of them, unless the mortgagee had elected so to declare by bringing an action to foreclose. It follows that the judgment of the court below must be reversed, and a decree will be entered in this court for the amount due the plaintiff.

JUDGMENT ACCORDINGLY.

THE other judges concur.