Dundas v. Chrisman.

JOHN H. DUNDAS, ADMINISTRATOR, ETC., PLAINTIFF IN
  ERROR, v. FRANCIS M. CHRISMAN, DEFENDANT IN
  ERROR.

1. **Administration of Estates:** CLAIMS: FRAUDS. A claim
  for $588.08 was filed against an estate and was allowed to the
  extent of $385.11. Other claims were allowed against the es-
  tate, which, with the aforesaid $385.11, the administrator paid
  in full. After the allowance of the $385.11, as first stated, the
  claimant and his attorney went before the county judge, in the
  absence of the administrator and without notice to him, and by
  false representations induced the county judge to allow the en-
  tire claim, of which fact the administrator had no notice until
  after the time to appeal had elapsed, there being a good defense
  against the excess of the claim so allowed. *Held,* That as a
  court of law could grant no relief a court of equity would.

2. ———— : DUTIES OF ADMINISTRATOR. The care, prudence, and
  judgment which the man of fair average capacity and ability
  exercises in the transaction of his own business, furnishes the
  standard to govern an administrator in the discharge of his
  trust duties.

ERROR to the district court for Nemaha county. Tried
below before APPELGET, J.

*G. B. Beveridge,* for plaintiff in error, cited: Pomr. Eq.,
Secs. 823, 836, 837. *Loomis v. Armstrong,* 29 N. W. Rep.,
870. *Kee v. Kee,* 2 Gratt., 117. *Petters v. Farwell,* 13
N. W. Rep., 319. *Johnson v. Johnson,* 26 Ohio St., 357.
*Allen v. Clark,* 2 Blackf., 343. *Oliver & Baum v. Pray,*
4 Ohio, 193. *Shoemaker v. Brown,* 10 Kas., 392. *Dar-
rah v. Boyce,* 29 N. W. Rep., 102.

*G. W. Cornell,* for defendant in error, cited: *Loose-
more v. Smith,* 12 Neb., 343. *Kirk v. Bowling,* 20 Neb.,
263. Code of Civil Procedure, Sec. 580. *Rogers v.
Redick,* 10 Neb., 332. *State v. Meeker,* 19 Neb., 450.
Pomr. Eq. Jur., Vol. 3, Sec. 1154, p. 96-106 in., and

foot-notes. *Cox v. John,* 32 O. St., 532. *Abbott's Ex'rs: v. Cole's Adm's,* 5 O., 87. *Rogers v. Weaver,* 5 O., 536.

MAXWELL, J.

The plaintiff brought an action in the district court of Nemaha county to enjoin the collection of a certain claim against the estate of David Chrisman. A demurrer to the petition was sustained in the court below, and the action dismissed.

The cause of the action is set forth in the petition, as follows: "The plaintiff states that he is the duly appointed administrator of the estate of David Chrisman, deceased, and was acting as such at the time of the happening of the things herein complained of; that on the 30th day of June, 1887, defendant filed a claim in the sum of $588.08 in the probate court, Nemaha county, Neb., against said estate; that said claim was by the said court set for hearing on the 5th day of July, 1887; that at the hearing thereof plaintiff and defendant were present; that after the hearing of the evidence in support of said claim, Hon. Jarvis S. Church, judge of said court, announced in his decision that, while he was in doubt as to the validity of a portion of said claim, he would allow the same in a sufficient sum to cover the surplus of the assets of said estate after all other debts and liabilities were paid, or in the sum of about $385.11; that thereupon this plaintiff, relying upon said decision, and believing said claim was only allowed in the sum of about $385, left the court room; that afterward, and in the absence of plaintiff, said defendant and his attorneys falsely informed and led the said court to believe that said estate was solvent and would have sufficient funds to pay all liabilities after allowing said claim in full, thereupon said court, relying upon and believing said false statements of defendant and his attorneys true, did change its decision, and

allow said claim in full in the sum of $588.08 ; that at
the time of the allowance of said claim the total assets of
said estate were as follows:    $168.17 realized from the
sale of personal property and debts owing to said estate
which plaintiff had collected, besides one note of defendant
and Margaret A. Chrisman, dated July 17, 1886, for
$335, and one note of defendant, dated January 31, 1887,
for $161.25, both of said notes being secured by mortgage
on real estate; that prior to the allowing of said claim,
this plaintiff had paid out on account of said estate, on
claims allowed, as follows :

| | | |
|---|---:|---:|
| Funeral expenses and last sickness................. | $112 | 25 |
| Other claims and expenses............................ | 152 | 45 |
| Court costs of administration........................ | 44 | 50 |
| Admr's commission, and expenses allowed......... | 50 | 00 |
| Total paid out by plaintiff......................... | $359 | 20 |
| Total cash received................................. | 168 | 17 |
| Overpaid by administrator......................... | $191 | 03 |

"That in making said payments plaintiff believed said
claim was allowed only in the sum of about $385, and
said estate was solvent; that this plaintiff was not ap-.
prised of or informed that said court had allowed said
claim in full for the sum of $588.08 until about the 4th
day of February, 1888, and long after the time for taking
an appeal had elapsed.    Plaintiff avers and has reason to.
believe, and does believe, that the court allowed said claim
in full under a misapprehension and mistake as to the
facts and condition of said estate and said claim, obtained
from defendant and his attorneys.    This plaintiff further
avers that he had and has a good and valid defense to said
claim in the sum of about $200, but was prevented from
presenting the same on the day of said allowance, or perfec-
ing his appeal from said allowance, by reason of being so
informed by the court that said claim if allowed at all

32

would only be allowed in the sum of about $385.   Plaint-
iff further alleges that, on the 29th day of February,
1888, and as soon as he discovered said claim had been
erroneously allowed in the sum of $588.08, he filed a mo-
tion with the said probate court to set aside said allowance,
and for a rehearing of said claim, which motion was dis-
allowed by the court, whereby said plaintiff has exhausted
his remedy at law.   Plaintiff further avers that if said claim
is allowed to stand in the sum of $588.08 against said
estate, said estate will be rendered totally insolvent, and
your petitioner will have paid out $191.17 more than he
has received on account thereof, for the reimbursement of
which this plaintiff will have no remedy, and will have
been damaged in the sum of $191.17."

· If the allegations of the petition are true, the defendant
and his attorneys, in the absence of the plaintiff and with-
out notice to him, appeared before the county court and
informed that court that the estate was solvent, and that
the claim should be allowed in full, being $588.08, and
the court was induced by such misrepresentations to make
such allowance.   The claim for $385.11 is alleged to have
been allowed on the 5th day of July, 1887.   The exact
date at which the full claim of $588.08 was allowed does
not appear, but the plaintiff alleges that he was not ap-
prised of the allowance of the same "until long after the
time for taking an appeal had elapsed."   It is also alleged
that the plaintiff has a valid defense to said claim of
$588.08.

We think sufficient is shown to entitle the plaintiff to
relief.   The defendant could not, by making false repre-
sentations to the county judge as to the amount of the
estate, secure the allowance of a claim to which he was
not entitled, and this without notice to the administrator.
It seems to have been well known to all parties that if the
claim was allowed in full the estate would not pay the full
amount of the debts proved against it.   The character of

this claim is not set out, nor are we informed of the nature of the defense against it, nor why the deduction was made in the first instance. No doubt, however, there was good cause for making such deduction, and if afterwards the county judge saw fit to change the judgment by increasing the amount allowed, the administrator should have been informed of that fact so that he could appeal if he saw fit. The judgment being rendered in his absence and without notice to him, and he having a good defense thereto, the case falls within the rule laid down in *Horn v. Queen,* 4 Neb., 108, 5 Neb., 472.

There is an additional reason why the judgment should be reversed. If the allegations of the petition are true, the excessive allowance will become a personal debt against the administrator. The rules governing the duties of an administrator are very clearly set forth by the supreme court of Michigan in *Loomis v. Armstrong,* 29 N. W. R., 870, as follows: "The law requires, when an administrator is appointed for a person dying intestate, that he shall take charge of all the personal estate of the deceased, collect in, and convert the same into money, so far as is necessary to pay the debts of the deceased, and make proper distribution of the balance remaining to the persons lawfully entitled thereto, and to pay any other sum to the widow and family of the deceased, pending his administration, which may be ordered or decreed by the probate court, and when he has done this, and at such other times as the court may require, render an account of his doings to the court. In doing these things the administrator is required to exercise the ordinary prudence, care, and judgment of men doing the kind of business the deceased was engaged in at the time of his death. It is not the highest degree of skill or care, nor the best management and judgment that the law requires. This would be requiring too much, as will be readily seen, for that would require capacity and ability which would insure success and is not

possessed by more than one-tenth of the persons who engage in business generally. It is the care, prudence, and judgment which the man of fair average capacity and ability brings to bear in the transaction of his own business that furnishes the standard by which the administrator in the performance of his trust duties must be governed."

The administrator in this case seems to have acted in good faith in paying the claims allowed July 5, 1887, in full, and as he has no remedy at law, the court will grant him relief.

The judgment of the district court is reversed, and the cause remanded for further proceedings

REVERSED AND REMANDED.

THE other judges concur.