HIRAM J. PALMER, PLAINTIFF IN ERROR, V. WILLIAM BELCHER, DEFENDANT IN ERROR.

**Summons:** SERVICE: A summons was issued by a justice of the peace and delivered to the sheriff of the county for service, who returned the same with the manner of service endorsed thereon, as follows: "August 23, 1884. Received this writ, and on the 23d day of August, 1884, I served the same on the within named defendant, H. J. Palmer, by leaving a copy of the within summons with George Palmer, and by him, the said George Palmer, in my presence at the time of said service delivered, the same being a true copy of the within summons with all endorsements thereon certified by me to be a true copy to said H. J. Palmer," properly signed by the officer; *Held*, To be a compliance with the requirements of section 911 of the civil code, and that the service gave jurisdiction.

ERROR to the district court for Valley county. Tried below before TIFFANY, J.

*Thummel & Platt*, for plaintiff in error.

*A. M. Robbins* and *H. Westover*, for defendant in error.

REESE, J.

The original action was instituted before a justice of the peace in Valley county. Plaintiff in error appeared

specially and objected to the jurisdiction of the court, alleging as the ground of such objection the defect in service of the summons. The objection was overruled by the justice, to which plaintiff in error excepted and removed the cause into the district court by proceedings in error. In that court the judgment of the justice of the peace was affirmed. Plaintiff now alleges error, and assigns therefor the ruling of the district court in affirming the decision of the justice of the peace.

The return of the sheriff, to which objection is made, is as follows:

"August 23d, 1884. Received this writ, and on the 23d day of August, 1884, I served the same on the within named defendant, H. J. Palmer, by leaving a copy of the within summons with George Palmer, and by him, the said George Palmer, in my presence at the time of said service delivered, the same being a true copy of the within summons with all endorsements thereon certified by me to be a true copy to said H. J. Palmer," properly signed by the officer.

The objection to this service is that the sheriff delivered a copy of the summons to George Palmer instead of to plaintiff in error, and that George Palmer, who delivered it to plaintiff in error, not being an officer with authority to serve a summons, had no power to make the service by delivering it to plaintiff. In other words, the sheriff served the summons on the wrong person, and the fact that he gave it to the one intended to be served would not constitute a valid service.

We concede all that is claimed by plaintiff as to the duty of courts to see that proper service of summons is made before asserting jurisdiction and rendering judgments thereon; and that there must be a compliance with the requirements of the statute before jurisdiction can be obtained. If then the service does not come up to these requirements, the decision of the district court was wrong.

Section 911 of the civil code, prescribing the manner of service of summons in so far as it applies to the case at bar, is as follows:

"The summons must    *    *    *    be served at least three days before the time of appearance, by delivering a copy of the summons with the endorsement thereon (certified by the constable or person serving the same to be a true copy), to the defendant, or leaving the same at his usual place of residence."

By an examination of the return of the sheriff, it appears that he served the summons on plaintiff in error by leaving a copy, properly certified, with George Palmer, and that George Palmer at that time, in the presence of the sheriff, delivered it to plaintiff in error. That is, by some mistake, perhaps, the sheriff gave the copy to George. George at once handed it to plaintiff in error. At any rate, the return clearly shows that the copy was delivered to plaintiff in error in the presence and by the act of the sheriff, although passing through the hand of another. It was clearly the act of the sheriff, and it would have been perfectly competent for him to have returned that he delivered the copy to plaintiff in error instead of stating the manner of delivery as he did. Had the sheriff requested George Palmer to return to him the summons, and he then have handed it to plaintiff, the service would have been perfect. Why any more so than for George to hand it at once to plaintiff? Suppose plaintiff had been so situated as to be just out of the direct reach of the sheriff, and another person standing between and in reach of both, had taken the copy from the hand of the sheriff and handed it to plaintiff, as was possibly done in this case, why would the service not have been good? We can see no reason for holding it otherwise, even though the return had been made in the language of the one in the case at bar.

The decision of the district court in holding the service to be a compliance with the statute is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.