Holliday v. Brown.

JANE HOLLIDAY ET AL. V. WILLIAM B. BROWN.

[FILED MARCH 16, 1892.]

1. **Summons:** SERVICE: HUSBAND AND WIFE. Where an action is brought against a husband and wife, the latter must be lawfully served with process, or appear voluntarily in the case, to be bound by the judgment.

2. **Supreme Court:** OPINIONS: SYLLABUS. There is an unwritten rule in this court that the members thereof are bound only by the points stated in the syllabus of each case. Each judge in the body of an opinion necessarily must be permitted to state

his reasons in his own way, without binding the members of the court to assent to all such reasoning, although they may concur in the conclusions reached.

MOTION for rehearing of case reported 33 Neb., 657.

*Reese & Gilkeson,* and *Bowman & Smith,* for the motion.

MAXWELL, CH. J.

A motion for a rehearing has been filed in this case, accompanied with very full and elaborate briefs. The principal ground upon which a rehearing is sought is that the service of summons on Jane Holliday in the former suit was sufficient and we are referred to the case of *Palmer v. Belcher,* 21 Neb., 58, to support that proposition.  In that case the return was, " On the 23d day of August, 1884, I served the same on the within named defendant, H. J. Palmer, by leaving a copy of the within summons with George Palmer, and by him, the said George Palmer, in my presence at the time of said service delivered the same, being a true copy of the within summons with all indorsements thereon, certified by me to be a true copy, to said H. J. Palmer." This return was duly signed by the officer and it was held sufficient.  It is said (p. 60): "The return clearly shows that the copy was delivered to plaintiff in error in the presence and by the act of the sheriff, although passing through the hand of another.  It was clearly the act of the sheriff, and it would have been perfectly competent for him to have returned that he delivered the copy to plaintiff in error instead of stating the manner of delivery as he did.  Had the sheriff requested George Palmer to return to him the summons and he then have handed it to plaintiff, the service would have been perfect.  Why any more so than for George to hand it at once to plaintiff?  Suppose plaintiff had been so situated as to be just out of the direct reach of the sheriff, and another person standing between and in the reach of both had taken the copy from the hand of the

sheriff and handed it to plaintiff, as was possibly done in this case, why would the service not have been good? We can see no reason for holding it otherwise, even though the return had been made in the language of the one in the case at bar."

In *Morse v. Engle*, 28 Neb., 534, a wife had joined with her husband in a mortgage of the homestead. An action was afterwards brought to foreclose the mortgage and a decree of foreclosure and sale rendered. Afterwards the wife brought an action to vacate the decree upon the ground that she had not voluntarily executed the mortgage, that there was no consideration therefor, and that she was not served with summons in the action of foreclosure. In that case the officer called at the residence of the husband, who stated that his wife was entertaining company in the parlor. The officer thereupon handed a copy of the summons to the husband to deliver to his wife, which it is claimed he failed to do. The records also show that two reputable attorneys appeared for the wife in the action to foreclose, and seem to have made all the defenses they deemed available. The court below dismissed the action and the defendant appealed. The judgment of the court below was affirmed because there was a failure on the part of the wife to show duress or that she had any defense to the action. In the body of the opinion Judge COBB uses language from which it may be inferred that the service was considered sufficient, and in the syllabus fails to state all the facts upon which the decision is based; hence, in those respects the opinion may be misunderstood. It is an unwritten rule of this court that members thereof are bound only by the points as stated in the syllabus of each case. Necessarily each judge, in writing an opinion, must be permitted to state his reasons for the decision in his own way, and the failure to dissent therefrom in any matter, not stated in the syllabus, is not to be taken as assent to the same. The syllabus in *Morse v. Engle* will be

amended to include a full statement of the leading facts in that case.

In the case at bar the uncontradicted testimony shows that the officer handed a copy of the summons to the husband to be by him handed to the wife; that the officer and the husband were about thirty feet from the house; that the officer staid some ten or fifteen minutes in conversation with the husband; that he saw the wife through the window in the house, but made no attempt to serve the summons on her personally. It is true he testifies that as he turned to go away he saw the husband hand the copy to the wife. At that time is evident that he was several rods from the house and it is pretty certain that he could not identify the paper at that distance. In addition to this both husband and wife testify that the copy was not delivered to the wife, and that she had no notice of the suit. Yet the court instructed the jury in effect that such service was sufficient. This was prejudicial error. To be bound by a judgment the wife must be lawfully served with process or appear voluntarily in the action, otherwise the judgment cannot be sustained. There is no error in the former opinion in this case and a rehearing is

DENIED.

POST, J., concurs.

NORVAL, J., took no part in the above opinion.