FRED RADZUWEIT, APPELLEE, v. JOHN B. WATKINS ET AL., APPELLANTS.

FILED JANUARY 3, 1898. No. 7681.

1. Judgments: EQUITABLE RELIEF. A court of equity, in granting relief against judgments, is not restricted to cases where the court entering the judgment complained of was without jurisdiction, but will extend its assistance in cases where jurisdiction was obtained, but the defendant, without fault or negligence on his part, but by accident or misfortune, was prevented from making his defense, provided it be further shown that he had a good defense to the merits.

2. ———: ———.  Where judgments were rendered in the county court and transcripts thereof filed in the district court and the lands of the defendant were levied upon and advertised for sale, all before he learned of the pendency of the suit and when he had a good defense to the merits, *held,* that the remedy by proceedings in the county court to vacate the judgments under section 602 of the Code was inadequate and injunction a proper remedy.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*Lake, Hamilton & Maxwell,* for appellants.

*C. A. Baldwin, contra.*

IRVINE, C.

Radzuweit, by this suit, sought to restrain the defendants from enforcing against him two judgments recovered by the defendants Watkins and Hoagland against Radzuweit and one Zimmatt in the county court of Douglas county. The district court granted a perpetual injunction, and the defendants appeal. They do not contend that the evidence did not tend to establish such allegations of the petition as were put in issue, but they assert that the petition itself was insufficient to warrant the relief granted. We need not, therefore, inquire beyond the averments of the petition and their legal sufficiency.

The petition alleges, in substance, that on March 21, 1893, Watkins and Hoagland began two suits against plaintiff and A. Zimmatt and C. Zimmatt in the county court of Douglas county, each suit being to recover on certain promissory notes alleged to have been made by the Zimmatts and Radzuweit to Watkins and Hoagland. A summons was issued and returned as personally served on A. Zimmatt and not served on C. Zimmatt, and as served on Radzuweit by leaving a copy of the same at his usual place of residence. Thereafter in due time a default was taken as to Radzuweit and judgment entered in both cases against him April 7, 1893. Thereafter, on

April 11, transcripts of said judgments were filed in the office of the clerk of the district court, writs issued thereon and a lot belonging to Radzuweit levied upon and advertised for sale to satisfy the judgments. The petition further alleges that Radzuweit did not execute the notes, did not authorize any one to execute them on his behalf, and did not know of their existence until he learned that the lot was advertised for sale to pay the judgment. At the time the actions were begun Radzuweit was absent from home from early in the morning until late at night and he did not know that there had been such service, did not know that his name was on the notes, did not know that he had been sued, did not know that judgment had been rendered until three days before this suit was begun, and after the lot had been advertised for sale, when a neighbor called his attention to the published notice. This petition certainly alleges a good defense to the law actions and shows that plaintiff had no actual knowledge of the proceedings in time to interpose that defense. It also shows that he was personally guilty of no negligence. It is, however, contended that the service of summons was in law good, and equivalent to a personal service, and that being so equity can afford no relief. There can be no question that the service was good and conferred jurisdiction upon the county court. The return was that a copy had been left at Radzuweit's usual place of residence and the petition does not deny, but rather admits, that the return was true. The right of a court administering equity to prevent the enforcement of a judgment is not, however, confined to cases where the judgment was void for want of jurisdiction. It extends to all cases where the defendant in the law action, without negligence or fault of his own, was prevented from making his defense, and where he has a good defense which would, had it been interposed, have prevented the judgment, and where relief cannot be had at law or in the original action. In other words, it is sufficient to show that the judgment is inequitable and that

the defendant has been at no fault and has no other remedy.

In *Horn v. Queen*, 4 Neb. 108, and 5 Neb. 472, a summons issued by a justice of the peace had been served by leaving a copy at the defendant's residence. He was then absent, but returned on the return day. He was then taken sick and was unable to attend to business affairs for twenty days. He had a defense to the action. It was held that he had shown grounds for the interposition of equity. Here there was no doubt as to the jurisdiction of the court. In the first report MAXWELL, J., said: "And in general the absence of a party from unavoidable circumstances, where it is apparent he had a defense to the action, will be sufficient to authorize a new trial," and that where it would have been proper for the law court to grant a new trial, if it still had authority to do so, it is proper for a court of equity to interfere after that authority has lapsed. In the second report GANTT, J., said: "When a party, from some unavoidable circumstance, and without any laches or want of reasonable diligence on his part, is prevented from appearing and making his defense to a suit, courts will relieve him upon being satisfied that there is reasonable ground to believe injustice has been done to him by a trial in his absence."

In *Young v. Morgan*, 9 Neb. 169, relief was also given where there was no question of jurisdiction involved, but where the defendant had allowed the case to go by default because he supposed it to be founded on a note which he owed, whereas it turned out to be based on a note similar thereto but forged.

In *Morse v. Engle*, 28 Neb. 534, a doctrine was announced which seems to be directly opposed to the foregoing cases and which if adhered to would doubtless govern this case in favor of the defendants. There the original action had been against a husband and wife, and it was asserted that the summons, left at the residence, had been received by the husband and secreted, and that the wife was kept in ignorance thereof. It was

held that this afforded no ground for relief, the court saying that the service was in accordance with the statute, and that where this is so "nothing connected with or incident growing out of such service can be held to be an unavoidable casualty or misfortune preventing the party from defending." It will be seen at once that the attention of the court was there drawn to the legal sufficiency of the service. The service being good, the court held there could be no relief, overlooking entirely the well known and almost elementary rule that although jurisdiction is complete, relief may be had where by fraud, accident, or even mistake, and without fault of the defendant, an unjust judgment has been rendered. In *Holliday v. Brown*, 34 Neb. 232, *Morse v. Engle* was reviewed, and while the court there again seems to have lost sight of the rule that to authorize relief the jurisdiction of the court in the original case need not necessarily be involved, and although *Holliday v. Brown* has been much criticised and is peculiarly reasoned on another point, it may justly be regarded as having practically overruled *Morse v. Engle*.

It is also contended that Radzuweit had his remedy by proceeding, under section 602 of the Code, in the county court to vacate the judgments, and for that reason is not entitled to relief in this action. But before he knew of the proceedings at all the county court judgments had been entered by transcripts in the district court, his land had been levied upon and was about to be sold. Merely proceeding in the county court to have the judgments there vacated would not dispose of the record in the district court and would not prevent the sale of his land. The remedy under section 602 was not adequate and injunction was, under the circumstances, the proper remedy.

AFFIRMED.